**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@toddflaw.com
21031 Ventura Boulevard, Suite #340
Woodland Hills, CA 91364-6522
Telephone: (323) 306-4234
Facsimile: (866) 633-0228
**[Other Counsel on Signature Page]**

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SILVERLAKE FINANCIAL, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Christopher Laccinole ("Plaintiff"), by counsel, hereby files his

Class Action Complaint against Defendant Silverlake Financial, LLC

("Defendant"), and states as follows:

## **INTRODUCTION**

1.      This is an action for actual damages, statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2.      Plaintiff is an individual and resides in Texas.  The three national consumer reporting agencies – Equifax, Trans Union, and Experian ("CRAs") – all maintain credit files and issue consumer reports concerning Plaintiff.  The information contained in Plaintiff's credit files and consumer reports is private.

3.      Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA.  Defendant is a "user" of consumer reports as that term is used in the FCRA.

4.      As set forth below, Defendant requested and obtained Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Class" as defined in Paragraph 21 below), from one or more of the CRAs, including Trans Union LLC ("Trans Union"), without a permissible purpose under the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries").

CLASS ACTION COMPLAINT

5.    Upon information and belief, Defendant requests and obtains such consumer reports for the purposes of marketing debt relief or similar services directly or through others.

6.    As a result of Defendant's wrongful access to Plaintiff's consumer report, and those of the Class, as described herein, Plaintiff, and the Class, have suffered an invasion of privacy.

7.    Plaintiff, and the Class, suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

8.    This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

9.    At all times material to this action, Plaintiff was a resident of Texas.

10.    At all times material to this action, Defendant was a California limited liability company with its with its principal place of business located at 930 W. 17th Street, Santa Ana, CA 92706.  Defendant does business in this District.

11.    Defendant may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: David Potalivo, 4835 River Ave., Unit B, Newport Beach, CA 92663.

- 3

CLASS ACTION COMPLAINT

12.     The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

13.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

14.     Defendant is subject to the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

15.     Plaintiff lives and works in Texas.

16.     On or about at least May 30, 2023, September 4, 2023, March 19, 2024, June 24, 2024, October 1, 2024 and January 2, 2025, Defendant requested and obtained Plaintiff's consumer reports from Trans Union.  A copy of the relevant sections of Plaintiff's Trans Union credit files reflecting the request made by Defendant are collectively attached hereto as **Exhibit A**.

17.     Defendant purportedly requested and obtained Plaintiff's consumer report for a so-called "promotional" offer of credit.

18.     Upon information and belief, Defendant obtained consumer reports on the other members of the Class.

19.     In the alternative, Defendant obtained one or more prescreened lists from Trans Union and/or the other CRAs concerning Plaintiff and the Class.

20.     Under the FCRA, such prescreened lists constitute consumer reports.

CLASS ACTION COMPLAINT

21.    At the time Defendant requested and obtained Plaintiff's consumer report, and the consumer reports of the Class, Plaintiff, and the Class: (a) had not applied for credit with Defendant nor initiated any credit or business transaction involving Defendant; (b) had not applied for employment with Defendant; (c) had not applied for insurance with Defendant; (d) had not authorized Defendant to request and obtain their consumer reports for any reason; (e) did not have any open and/or closed accounts with Defendant.

22.    Plaintiff received several letters from Defendant that purported to be firm offers of credit but, upon information and belief, were not because Defendant did not intend to honor the purported false and illusory offer in the letters.  In fact, one or more of the letters even expressly stated that Defendant "does not broker loans and does not make and/or fund any product offerings, loans, or credit decisions."

23.    Instead, Defendant intended to use the letters as a means to market debt relief or similar services to Plaintiff and the other members of the proposed Class.  Furthermore, when Plaintiff subsequently called Defendant to investigate the improper access to his consumer reports, Defendant advised Plaintiff that Plaintiff was not eligible for a loan as reflected in its letters to him because, Defendant stated, Plaintiff's credit utilization had changed since the time it pulled

CLASS ACTION COMPLAINT

his consumer reports.  This was demonstrably false because Plaintiff's credit utilization had not changed during the relevant time period.  Plaintiff alleges that Defendant never intended to offer him a loan at all and its letters to him were simply a ruse to bait him into accepting Defendant's debt relief products.

24.    At least one other court has considered Defendant's conduct and held that the plaintiff in that case properly alleged a scheme by Defendant and others to obtain consumer reports without a permissible purpose.  See *Stechenfinger v. Silverlake Financial*, *et al*., 2024 WL 4266598 (S.D. Ohio Sept. 23, 2024) (so finding).

25.    The Better Business Bureau website[1] cites numerous other consumers lodging similar complaints about Defendant and its "bait-and-switch" practices to lure consumers into debt relief marketing efforts via its false and illusory "offers" of credit, including:

---

[1] *See* https://www.bbb.org/us/ca/newport-beach/profile/financial-services/silverlake-financial-1126-1000060038/complaints (last accessed Dec. 30, 2024).

CLASS ACTION COMPLAINT



**Initial Complaint**
11/04/2024

**Complaint Type:** Order Issues
**Status:** Resolved

Received a mailer about personal loan for debt consolidation, upon calling was recommended to a debt consolidation program. Only afterwards have I learned that Silverlake does nothing with this program. They simply pass you off to a different group, ********************** In the process, many things I and my wife were verbally told by Silverlake has been proven false. But since the contract we have is with Palisade, not Silverlake, we can take no action on.Let this be a warning to others! This is a bait and switch! Do not join any debt consolidation through Silverlake! Again, what I was told be Silverlake has proven to be false! The debt consolidation program is run by *********************, look them up! Palisade's BBB record shows the issues!



**Initial Complaint**
08/12/2024

**Complaint Type:** Billing Issues
**Status:** Answered

Buyer Beware. Bait Switch Tactics used here.Silverlake Financial Mailers state you are prequalified for a loan but that's not even close to what they want to offer customers. ********************** will tell you that you do not qualify for a personal loan, but you should use debt consolidation at the recommendation. This is bait and switch tactics. Silverlake Financial makes money by referring customers to debt consolidation. This is a public service announcement.



**Initial Complaint**
06/06/2024

**Complaint Type:** Service or Repair Issues
**Status:** Answered

This company provided me completely false information. I received a letter in the mail stating I was pre-qualified for a personal loan for credit relief. When I contacted SilverLake to inquire about the loan I was told I did not qualify but I did qualify for "debt solutions." They failed to tell me that by signing up for their services I would have to let my credit cards go into default for ****** days in order for them to settle the accounts, which is how they negotiate a lower payment. I paid over $1000 to this company before I realized I had been scammed. When I called to cancel I was told I could not do so and their "concerns" department would contact me for further conversation. My credit is good and I am good standing with my creditors. This has to potential to cause me irreparable credit harm and I have no recourse to get my funds back. This is overwhelmingly predatory behavior.

**Initial Complaint**
05/22/2024

**Complaint Type:** Service or Repair Issues
**Status:** Answered

I recieved a notice that this company was offering a personal loan, however, upon speaking with a representative who agrees to take my application over the phone he quickly changed his position after i explicitly stated that I was not interested in a debt settlement program. The rep stated that I would have to apply on-line. This company appears to engage in misleading and defective practices.

- 7

CLASS ACTION COMPLAINT

**Initial Complaint**
04/30/2024

**Complaint Type:** Product Issues
**Status:** Answered

Received several pieces of mail stating that I have been qualified for a personal loan to consolidate/resolve debt with high interest credit cards. Upon completion of the application and receiving a "congratulations you are pre-approved" notification, I received a call from a representative who also stated I was pre-approved and that it needed to go to underwriting for final approval and he would call me back later today and inform me on the "loan package". However, when ***** called me back, he informed me that the loan was off the table and that they would provide me an opportunity to enroll in the fresh start program, which is a debt restructuring wherein the company negotiates a reduced settlement with the creditors and receive a fee for the settlement (collected from the payoff of the debts) settlements are often far less than the actual debt. Clearly a different product and service. And clearly a more profitable product/service for Silverlake than providing a straight up loan to which they are only collecting the interest. It is mind blowing to me that companies will continue to market this, over and over and then come back to someone trying their best to get out of an already negative situation and use that vulnerability to offer a totally different solution than what was advertised.

**Initial Complaint**
12/06/2023

**Complaint Type:** Service or Repair Issues
**Status:** Resolved

I received several letters saying that I was pre-approved for a debt consolidation loan that I desperately needed. After speaking with an agent (*********************) he claimed that I was not approved, but that they had another program that I was approved to enroll. I was required to enter into a debt settlement program with *********************. This required me to stop making payments on my debt so that they could negotiate a payoff amount. I was VERY skeptical of this, but I was told on more than one occasion that if I made the debt settlement payment on time for 6 months that I would be eligible for a Fresh Start Loan that would pay off all of my debt and I would have one monthly payment and start repairing my credit. I have made every payment on time for the past 6 months and now that I should be eligible I cannot get a hold of ********************* or anyone at Silverlake. My credit is absolutely destroyed and I am in a WAY worse situation. This is an absolute scam and I am beyond upset that I trusted and believed in him when he only used my fear and desperation against me. I don't even think this "Fresh Start Loan Program" exists, they just use that as bait to get desperate people enrolled in these debt settlement programs. I am beyond furious that I fell for this scam and that I now am in a terrible financial situation. I have tried email, phone and text with absolutely no response.

26.     Upon information and belief, Defendant represented to Trans Union and/or the other CRAs that Defendant had a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Class.  Such representation was false.

27.     Defendant violated the FCRA by requesting and obtaining Plaintiff's consumer report, and the consumer reports of the Class, without a permissible

- 8

CLASS ACTION COMPLAINT

purpose under the FCRA. Defendant was aware of its obligation under the FCRA at all relevant times herein and, despite such awareness, violated the FCRA.

28.    As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## CLASS ALLEGATIONS

29.    Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> All consumers within the United States for whom Defendant requested and obtained a consumer report on such consumer within the two years prior to the filing of the Complaint through the conclusion of this case without sending such consumer a firm offer of credit.

30.    Specifically excluded from the Class are the following: (1) Defendant and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

31.    The Plaintiff is a member of this Class.

32.    Upon information and belief, the members of the Class are so numerous that joinder is impracticable.

CLASS ACTION COMPLAINT

33.     Based upon information and belief, and the allegations above about Defendant's use or sale of consumer reports for marketing campaigns, numerous consumers have been victims of Defendants' scheme.

34.     Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members.  Among such common questions of law and fact are the following:

A.     Whether Defendant has systematically engaged in the long-term illegal practice of accessing and/or misusing consumer credit reports without a permissible purpose under the FCRA.

B.     Whether Defendant knowingly and/or negligently accessed the Class members' consumer credit reports without a permissible purpose under the FCRA.

C.     Whether Defendant knowingly and/or negligently resold the Class members' consumer reports to third parties that lacked a permissible purpose for them under the FCRA.

35.     Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought.  The Class claims are, in fact, identical.

- 10

CLASS ACTION COMPLAINT

36.    Plaintiff will fairly and adequately protect the interests of the Class members.  Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

37.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A.    Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in California are known to be pending as of the date of filing this Complaint.

B.    When the liability of Defendant has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all

CLASS ACTION COMPLAINT

class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C.    Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendant mistreated under the FCRA will go without legal remedy.

D.    Without this class action, the Class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while Defendant continues to reap benefits of its unlawful activity.

38.    No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action.

39.    Indeed, those harmed by Defendant can be readily identified through business records, including the very prescreened consumer lists and/or consumer reports at issue.

- 12

CLASS ACTION COMPLAINT

40.     Similarly, the proposed Class is objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendant and the CRAs.

41.     Notice and claims administration can therefore be managed efficiently and accurately.

42.     The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and/or (ii) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

43.     Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

### COUNT ONE:

### Defendant's Violations of the FCRA

44.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

45.    Defendant negligently violated the FCRA by requesting and obtaining Plaintiff's consumer reports, and those of the Class, without a permissible purpose as set forth in Section 1681b of the FCRA.

46.    As a result of Defendant's negligent violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy and emotional distress.

47.    Defendant has willfully violated the FCRA by knowingly, or recklessly, requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

46.    As a result of Defendant's willful violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy and emotional distress.

47.    Pursuant to 15 U.S.C. § 1681n and/or § 1681o, Defendant is liable to Plaintiff and the Class for actual damages as set forth above and, in an amount, to be determined by the jury.

48.    Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for statutory and punitive damages as a result of its willful violations of the FCRA.

CLASS ACTION COMPLAINT

49.     Pursuant to 15 U.S.C. § 1681n and/or §1681o, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff requests that this Court:

a.  Appoint Plaintiff's counsel as counsel for the Class;

b.  Appoint Plaintiff as representative for the Class;

c.  Certify the Class;

d.  Enter judgment in favor of Plaintiff and the Class for actual damages, statutory damages, punitive damages, attorney's fees and costs; and,

e.  Award such other relief to Plaintiff and the Class as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 14, 2025.

Respectfully submitted,

By: **/s/ Todd M. Friedman**
Todd M. Friedman
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

John A. Love*
**Love Consumer Law**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
404.855.3600
tlove@loveconsumerlaw.com

- 15

CLASS ACTION COMPLAINT

1

2      Max S. Morgan, Esquire*

3      **THE WEITZ FIRM, LLC**

4      1515 Market Street, #1100
       Philadelphia, PA 19102
5      Tel: (267) 587-6240

6      Fax: (215) 689-0875
       max.morgan@theweitzfirm.com
7

8      *Attorneys for Plaintiff*
       *\*Pro Hac Vice* Petition to be filed
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16

CLASS ACTION COMPLAINT

# EXHIBIT A



## Regular Inquiries

## Promotional Inquiries

**SILVERLAKE FINANCIAL LLC** ( 930 W 17TH STREET, UNIT D, SANTA ANA, CA 92706, (714) 390-1995 )
**Requested On:** 01/02/2025, 10/01/2024, 06/24/2024, 03/19/2024

**To dispute online go to: http://transunion.com/disputeonline**

## Account Review Inquiries

**SILVERLAKE FINANCIAL via CREDIT REPORTING SERVICES** ( 2443 FILLMORE ST 380 TO, SAN FRANCISCO, CA 94115, (707) 773-7750 )
**Permissible Purpose:** WRITTEN AUTHORIZATION
**Requested On:** 01/09/2025